# United States District Court
## Middle District Of Florida
### Orlando Division

QBE INSURANCE CORPORATION,

        Plaintiff,

v.                                  Case No:   6:16-cv-831-Orl-31KRS

SURFSIDE PROPERTIES AND
MANAGEMENT, INC. and SHANIKA
MURRAY,

        Defendants.

_____

## Order

    This matter is before the Court on the Motion to Dismiss or Abate (Doc. 29) filed by the Defendant, Surfside Properties and Management, Inc. (hereinafter "Surfside"), and the Response in Opposition (Doc. 31) filed by the Plaintiff, QBE Insurance Corporation (hereinafter "QBE").

## I.    Background

    According to the facts alleged in the Amended Complaint (Doc. 22), which are accepted as true for the purposes of this Order, Surfside is a Florida corporation with its principal place of business in Brevard County, Florida. QBE is a Pennsylvania corporation with its principal place of business in New York. Surfside was insured by QBE via a Real Estate Services Errors and Omissions Liability Insurance policy in effect from August 16, 2015, to August 16, 2016. The policy had a limit of $1,000,000 for each wrongful act and $250,000 for contingent bodily injury.

    Shanika Murray is the mother and natural guardian of C.B., a three-year-old girl. On May 24, 2016, Murray filed an action in Florida state court (hereinafter the "Underlying Suit") alleging that Surfside negligently increased the temperature of a hot water heater which led to severe injuries suffered by C.B. Specifically, Murray alleged that C.B. was left permanently disfigured and scarred

from the water and that the three-year-old required extensive medical treatment in both Orlando and Ohio. QBE is defending Surfside in the Underlying Suit under a reservation of rights.

In the current case, QBE seeks a declaration that Surfside is not covered by the policy and, therefore, QBE has no duty to defend or indemnify. Via its Motion, Surfside proffers two arguments: (1) that QBE has failed to establish the amount in controversy requirement of 28 U.S.C. § 1322, and therefore the action should be dismissed for lack of subject matter jurisdiction; and in the alternative (2) that the action should be stayed pending resolution of the Underlying Suit.

## II.    Discussion

### A.    Subject Matter Jurisdiction

A federal district court has subject matter jurisdiction based on diversity of citizenship if the parties are "citizens of different States" and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Here, there is no dispute that the parties are diverse; however, Surfside claims that QBE has not satisfied the amount in controversy requirement.

"When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003) (quoting *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000)). When an insurer seeks a declaration that it has "no duty to defend or indemnify its insured in an underlying lawsuit," the amount in controversy is determined by examining the following factors: "(1) the coverage limits under the insurance policy; (2) the amount of damages sought in the underlying lawsuit; and (3) the pecuniary value of the obligation to defend the underlying lawsuit." *Clarendon America Ins. Co. v. Miami River Club, Inc.*, 417 F. Supp. 2d 1309, 1316 (S.D. Fla. 2006) (citations omitted).

Here, it is undisputed that the policy in question has a limit of $1,000,000 for each wrongful act and $250,000 for contingent bodily injury. Additionally, while no specific amount of damages has been identified, C.B.'s injuries appear to be quite severe—C.B. was treated both in Orlando and Ohio; suffered burns to forty percent of her body; her injuries were life-altering and permanent; and she spent at least eight weeks undergoing treatment. Doc. 31 at 5–6. Finally, Surfside admits that "[l]iability will be heavily contested in the [Underlying Suit] under the unique position in this matter." Doc. 29 at 11. As such, defending Surfside will be challenging and expensive.

On balance, it is clear that QBE has provided sufficient evidence demonstrating that the $75,000 amount in controversy requirement has been met. Therefore, Surfside's Motion to Dismiss for lack of subject matter jurisdiction is without merit and will be denied.

**B.    Motion to Stay**

In the alternative to its Motion to Dismiss, Surfside requests that the Court stay the current action pending further disposition of the Underlying Suit. Surfside's primary argument is that, until the Underlying Suit is resolved, there is no way to know whether Surfside will ultimately be held liable for C.B.'s injuries; thus, QBE's request for a declaration as to coverage is premature.

The Declaratory Judgment Act provides that "in a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "The Eleventh Circuit has provided the district courts with a series of guidepost factors to aid in balancing state and federal interests while deciding whether to exercise jurisdiction over a declaratory judgment case." *Northland Ins. Co. v. Top Rank Trucking of Kissimmee, Inc.* 823 F. Supp. 2d 1293, 1295 (M.D. Fla. 2011) (citing *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1331 (11th Cir. 2005)). Among those factors are "whether the federal declaratory action would

serve a useful purpose in clarifying the legal relations at issue" and "whether the judgment in the federal declaratory action would settle the controversy." *Roach*, 411 F.3d at 1331.

An early determination of insurance policy coverage both provides a clarification of the legal relations at issue and promotes settlement of the controversy. "A prompt determination of coverage benefits the insured, the insurer and the injured party. If coverage is promptly determined, an insurance carrier is able to make an intelligent judgment on whether to settle the claim." *Higgins v. State Farm Fire & Cas. Co.*, 894 So. 2d 5, 15 (Fla. 2004) (quoting *Britamco Underwriters, Inc. v Cent. Jersey Invs., Inc.*, 632 So. 2d 138, 141 (Fla. 4th DCA 1994)). "The plaintiff [in the underlying suit] certainly benefits from a resolution of coverage in favor of the insured. On the other hand, if coverage does not exist, the plaintiff [in the underlying suit] may choose to cut losses by not continuing to litigate against a defendant who lacks insurance coverage." *Id.*

Therefore a coverage action filed before the resolution of the Underlying Suit is appropriate, and Surfside's Motion to Abate will be denied.

It is therefore **ORDERED** that Defendant's Motion to Dismiss or Abate (Doc. 29) is denied.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on November 10, 2016.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party